FILED

NOV – 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD W. ANDERSON
611 Pennsylvania Avenue SE #327
Washington, DC 20003
202.722.7902
    Plaintiff

                      Civil Action

MIKE JOHANNS, Secretary
THE UNITED STATES
DEPARTMENT OF
AGRICULTURE
14TH & Independence, Avenue, SW
Washington, DC. 20250

                      CASE NUMBER  1:05CV02198

                      JUDGE: Emmet G. Sullivan

                      DECK TYPE: Employment Discrimination

And

                      DATE STAMP: 11/●/2005

SADHNA G. TRUE, DIRECTOR
The United States Department
of Agriculture
Office of Civil Rights
14th & Independence Ave SW
Washington, D.C. 20250

         Defendant.s

## COMPLAINT - CIVIL RIGHTS (JURY TRIAL DEMANDED)

    NOW COMES Plaintiff, Ronald W. Anderson, pro se for the purpose of filing

this civil complaint, states the following:

### JURISDICTION AND VENUE

1.    This is an action for declaratory relief, injunctive relief, back pay,

compensatory damages, punitive damages and other appropriate relief, legal and

equitable, brought by Plaintiff Ronald W. Anderson to redress violations by the

Defendant of Plaintiff's civil rights. The Jurisdiction of this Court is invoked to secure

the protection of and to redress the deprivation of rights secured to Plaintiff by Title

VII of the Civil Rights Act of 1964, as amended 1991 Civil Rights Act, 42 U.S.C. §

2000e, et seq., hereinafter "Title VII". The Jurisdiction of this Court is also invoked

under 28 U.S.C. Sections 1331 and 1343, this being a suit authorized pursuant to the

Civil Rights Act of 1991.


2.     This proceeding is instituted in the United States District Court for the

District of Columbia pursuant to 28 U.S.C. 1391, as the judicial district in which the

cause of action arose and in which the defendant is located and doing business.

3.     This is a civil action and the amount in controversy exceeds $10, 000

(Ten Thousand Dollars), exclusive of interest and costs.

4.     This action is also in accordance with 42 U.S.C. § 2000e-5(f); 29

U.S.C. § 626 (c) and 28 U.S.C. §§ 1331, 1343(a)(4).


## PARTIES

5.     Ronald W. Anderson, hereinafter "Plaintiff," is a citizen of the United

States of America, and resides in the District of Columbia who's address is 611

Pennsylvania Avenue, SE, #327, PO Box 70663, Washington, DC 20024.

6.     Plaintiff was competitively hired and employed with the United States

Department of Agriculture, hereinafter "USDA," headquartered in Washington, D.C.

Plaintiff performed his duties in the USDA, and his title was prior to the USDA 's

pattern of discrimination against the plaintiff was Supervisory Computer Specialist,

2

GS-0334-14.

7.    In accordance with Title VII Plaintiff is a member of a protected class based on his race, African-American.

8.    Defendant, Mike Johanns, is the Secretary of the United States Department of Agriculture, headquartered in Washington, D.C. And Defendant Sadhna G. True is the Director of the United States Department of Agriculture, Office of Civil Rights, headquarters in Washington, D.C.

## ADMINISTRATIVE PROCEDURE

9. Plaintiff filed a formal complaint of discrimination against the Defendant with the Defendant's Equal Employment Opportunity Office, hereinafter "EEO" on February 22, 2001.

10.    Defendant issued a final decision on August 2, 2005

11.    Plaintiff chose not to appeal to the EEOC.

12.    Plaintiff invokes his right to sue under 42 U.S.C. § 2000e-5(f), in that he has satisfied all administrative and judicial prerequisites to the institution of this action.

## FACTS

13.    Plaintiff has been employed by Defendant USDA since January 1981. Plaintiff is currently employed as an Information Technology Specialist, GS-2210-14 in the Office of Chief Information Officer-Enterprise Planning, Project and Information Management of Defendant USDA.

14.    Plaintiff submitted an application for the position of Supervisory Computer Specialist GS-334-15 with Defendant on October 19, 2000.

3

15.    Plaintiff's name was included on the selection certificate issued for the position and was the first best qualified candidate on the best qualified list and was selected to fill the position.

16.    On information and belief, Plaintiff was eligible for the position of Supervisory Computer Specialist, GS-334-15, vacancy announcement number CR-00-25 in the Office of Civil Rights in Washington, D.C.

17.    On information and belief, Plaintiff states that Donna D. Beecher, former Director, Office of Human Resources Management worked to deliberately disqualify his application to hire and to promote a white male Louis A. Iacoletti's close friend of Diane Beecher, former Director of Human Resources Management at the USDA.

18.    On information and belief, Plaintiff states that Ms. Beecher have attempted to discredit black employees seeking promotions that she personally does not like.

19.    Ms. Beecher has been involved in a nationwide pattern of discrimination against African Americans at the USDA and in her former position at the Office of Personnel Management where she committed similar actions of discrimination against black employees at the agency.

20.    The Defendant was placed on probation by the Office of Personnel Management in 1998, 1999, 2000 and 2001 because of their nationwide pattern of discrimination against African American employees.

21.    The Defendant has failed, willfully avoided process or resolving the complaint, created bogus and/or misrepresentation of personnel documents, employees affidavits, position descriptions and stretched the review process out over

4

many years, conducted meaningless or "ghost" investigations, or simply failed to do anything.

22. The Defendant is the Secretary of the USDA and Director of the Office of Civil Rights, and their official capacity, has authority, inter alia, over the hiring, firing, promotion, discipline, assignments, and terms and conditions of employment of plaintiff and other persons employed by the USDA. Defendants are the named defendants, but is sued in their official capacity as required by Title VII, 42 U.S.C. § 200e-16 ( c).

23. The Defendants creates false documentations, make false statements and/or signed false Affidavits regarding the sensitive requires for the position of Supervisory Computer Specialist, GS334-15.

24. The Defendants often block African American managers decisions to hire other African American employees from best qualified list after the USDA Human Resources office certifies the positions and/or announcement Number CR-00-25 for the position of Supervisory Computer Specialist, GS-334-15 which stated that a security clearance was not required for the position. And however was later amended by Defendant's former employee Donna Beecher after she discovered that the plaintiff who she had known to be African American hired was hired by Defendant's former African American, David Winningham, Acting Director, Office of Civil Rights (African American) who objected her demand to withdraw the position and to change the selection rules in the middle of the game after the plaintiff had been hired to fill the position of Supervisory Computer Specialist GS-15 in the Office of Civil Rights.

25. The Defendant's former employee Dianne Beecher decided to withdraw the Supervisory Computer Specialist, GS-334-15 position from the plaintiff over Mr.

5

Winningham objections who is African American and over the suggestions of several USDA other employees suggesting that "one of the better methods of resolving this issue, the entire recruitment should have been canceled and the position re-announced with the security clearance requirement listed, and over the certification of Ms. Peggy Pinkney who is also African American.

26.    The Defendant's former employee Donna Beecher, then Director Office of Human Resources was given "sound options for proper manage of this case, but Ms. Beecher did not want the plaintiff to be promoted to a GS-334-15, Supervisory Computer Specialist in the Civil Rights Division of the USDA because of his ability to develop and implement and operation of automated tracking systems, and statistical and economic analyses relating to equal opportunity and civil rights programs and which would have transformed the existing EEOMOS application which had failed for decades at the USDA.

27.    The Defendant drafted two version of a letter to the Plaintiff regarding their decision to fire Plaintiff from his newly promotion to GS-334-15, Supervisory Computer Specialist February 2001 without citing "the authorities and was not specific in justification or appeal rights" as suggested by Ed Horvath, Personnel Management Specialist to Donna Beecher. Defendant's employee Donna Beecher wanted a white male who was a close friend to fill the position and discriminated against the Plaintiff to hire Mr. Iacoletti who has been reassigned to another position because of his inability to perform the job duties of Supervisory Computer Specialist-GS-334-15 in the Office of Civil Rights in Washington, DC..

6

28.   The Defendant has withdrawn other promotions from other African American at the USDA after discovering that the selectees were African American.

29.   On at least one occasions the Defendant's former employee Donna Beecher stated that " as long as I am hear, Ronald Anderson nor any other black person be hired in that position".

30.   On information and belief, Plaintiff alleges that the abovementioned incidents represent a pattern of racial discrimination based on his race African American and that the Defendant intended to build a paper trail against him that will eventually lead to his termination and/or the Defendant decision to withdraw the Supervisory Computer Specialist position at USDA.

   a. The Defendant did not adjudicate the Plaintiff's security clearance because the Defendant employee Edward G. Horvath stated to the Equal Employment Opportunity Investigator that "what we learned was all anecdotal" and that "there is no clear easy to follow operation guidance on assigning security requirements." And that the Defendant released sensitive information to other employees which started office gossip and rumors about the Plaintiff's security clearance.

   b. The defendant failed to place the Plaintiff in the above mentioned position to determine what if any what requirements were and under what guidance such determinations would be made in regards to the level of risk and sensitivity of the position. And to include a provision "that if the selectee failed to meet the favorable adjudication of SF-85 information and other sensitivity matters that it would be the Defendant's discretion to reassign him to another position at the same or pay level in the Washington, D.C. commuting area rather than hire white male who was selected based on the direction of Donna Beecher and not the selection official.

7

c.  The Defendant Supervisory Computer Specialist- GS-334-15, dated September 15, 2000 does not  state that  the Plaintiff  or any other candidate was required to complete a security clearance and/or adjudication prior to being hired to perform the position.

d.  That after a telephone conversation with Defendant's employee Donna D. Beecher, then Director, Office of Human Resources, SES-201-16, in February 2001, regarding the Supervisory Computer Specialist position in the Office of Civil Rights, Plaintiff overheard Beecher state to an unknown individual after she thought that she had hung up the telephone with the Plaintiff that "as long as I am hear, Ronald Anderson nor any other black person be hired in that position".

f.  That Dennis Egan and other white employees were temporarily promoted to the position of Supervisory Computer Specialist GS-334-15 in the Defendant's Office of Civil Rights in 1998, 1999 and 2000, but the Plaintiff was denied this right to work in this position while his security clearance was being adjudicated.  And there was no reason why the plaintiff should not have received a favorable adjudication since there was no negative information in his personnel folder.

## STATEMENT OF CLAIM

A.      FIRST CAUSE OF ACTION

31.      Plaintiff alleges and re-alleges paragraphs 1 through 30, with the same force and effect as if set forth separately and at length herein.

32.      The effect of Defendant's acts and practices as enumerated herein has been to deprive Plaintiff of rights secured to him by the Civil Rights act of 1991, 42 U.S.C. § 2000 et seq., to be free of discrimination based on race and color, because

8

Defendant, solely because of Plaintiff's race and color, have deprived Plaintiff of
equal opportunity in terms and conditions of his employment by refusing to prevent
and/or allow the Plaintiff because of his race African American the same as the
Defendant allowed Dennis Egan and other a white males to perform the duties as the
Supervisory Computer Specialist, GS-334-15 without being required to have a security
and/or to request a security clearances. And to hold African American at a higher
standard to qualify for sensitive position and/or to require that a Security Clearance
must be in hand for African American before the Defendant hires African American
for non-sensitive position at USDA. By said acts, the Defendant has violated the
Civil Rights act of 1991.

    B.    SECOND CAUSE OF ACTION

    33.    Plaintiff alleges and re-alleges paragraphs 1 through 32 with the same
force and effect as if set forth separately and at length herein.

    34.    The effect of Defendant's acts and practices as enumerated herein has
been to deprive plaintiff of rights secured to him under the Civil Rights Act of 1991,
42 U.S.C. § 2000 et seq., to free from retaliation for filing a complaint, because
Defendant solely because of Plaintiff's filing a complaint of discrimination, have
deprived Plaintiff of equal opportunity in the terms , privileges, and condition of his
employment, by receiving the pay of the other white males who worked in the above
mentioned position who did not have a security clearance prior to being hired to
perform the duties of the Supervisory Computer Specialist position in the
Defendant's Office of Civil Rights in Washington. DC. Defendant, and have
constructively created a hostile work environment for Plaintiff. By said acts, the
Defendant has violated the Civil Rights Act of 1991.

9

C.     THIRD CASUE OF ACTION

35.     Plaintiff alleges and re-alleges paragraphs 1 through 34 with the same force and effect as if set forth separately and at length herein.

36.     The effect of Defendant has intentionally, outrageously, and without justifiable reasons subjected Plaintiff to extreme emotional distress by violating Plaintiffs rights under the statute cited herein. As a result of the act and practices of the Defendant, Plaintiff has suffered a loss of his personal and professional esteem, as well as lost wages and benefits.

37.     Plaintiff has no plain, adequate or complete remedy at law to redress the acts and practices complained of herein, and Plaintiff is now suffering and will continue to suffer irreparable injury as a result of the Defendant's acts and practices as described herein. Unless Defendant is retrained by Order of this Court, Plaintiff will continue to suffer said irreparable injury.

38.   As a result of the wrongful acts of the defendants, plaintiff has been injured in his health, sustaining physical and mental injury to his body and nervous system, such injuries have caused and will, in a reasonable probability continue to cause plaintiff great mental anguish, physical pain and suffering, humiliation, shock, injury to reputation and anguish.

39.   That the foregoing injuries have caused plaintiff to incur medical and related expenses and have caused him to suffer loss of profits and the incurred expenses and legal fees to investigate and file this action, and will continue to incur expenses and legal fees in trial and appeals court until the conclusion of this case.

40.   That as a result of the foregoing claim, plaintiff has remained at a GS14, Information Technology Specialist.  He has incurred lost wages, loss of benefits, loss

10

of contribution to his pension, loss of career opportunity, and he has been otherwise damaged and redlined by the Defendant.

41. That in committing the foregoing wrongful acts, the Secretary, and the Department of Agriculture, acting through agents, vice-principals, failed to remedy past discrimination and continues to support, conduct and enforce invidious discrimination based on, inter alia, national origin, religion race, religion and age. The defendant has acted in an intentional, reckless and/or callous disregard for the constitutional and statutory rights of the plaintiff. Moreover, each wrongful act was willful, oppressive and malicious.

42. Anderson has been subjected to a pattern and practice of discrimination because of his race (African American). Said pattern and practice of discrimination is part of a larger systemic pattern and practice of discrimination against minorities at the Department of the Agriculture.

43. That the Defendant in committing the foregoing wrongful acts, have employed white employees who have not completed security adjudications and/or required to have a security clearance for non-sensitive and/or sensitive positions for decades at the United States Department of Agriculture.

44. That the Defendant has hired white employees in sensitive and/or non-sensitive position who's security clearance have not been adjudicated because of credit and/or credit card usages.

45. That in committing the foregoing wrongful acts, the Secretary, and the Department of Agriculture, acting through agents and vice-principals, have created a slave like environment for African American managers and/or non African American managers and that they have failed to remedy past discrimination and continues to

11

support, conduct and enforce invidious discrimination based on, inter alia, and their race African American when African American managers select other best qualified African Americans from the Best qualified list be over turning their decision and allowing whites to scheme with other whites to black promotions and/or selection of African Americans.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court to advance this case of the docket, order a jury trial at the earliest practicable date, and cause this case to be in every way expedited, and upon such hearing to:

1.  Issue a declaratory judgment that Defendant's acts and practices complained herein violated Plaintiffs rights as secured by the Civil Rights Act of 1991, 42 U.S.C. § 2000 et seq., and

2.  Order Defendant to make Plaintiff whole for the discrimination Plaintiff has suffered as a result of the acts and practices as described herein, by providing appropriate of plaintiff to the Supervisory Computer Specialist, GS-334-15 in the Office of Civil Rights in Washington, DC and/or a GS-15 in the Defendants agency in Washington, DC, compensatory damages in the amount of $400,000.00 and punitive damages in the amount of $300,000.00.

    a.  Award plaintiff back pay, front pay, benefits pay, lost pension pay, and interest in an amount to be determined at trial. And;

3.  Grant Plaintiff a permanent injunction enjoining the Defendant from engaging in any employment policy or practice which discriminates against Plaintiff or any other employee or applicant on the base of race or

12

color; and

4.    Grant Plaintiff a permanent injunction enjoining the Defendant from engaging in any employment policy or practice which directs retaliatory actions against Plaintiff or any other employee or applicant who complains to the EEO.

5.    Grant Plaintiff judgment against the Defendant for damages in the amount of at least $750,000.00 for mental anguish and emotional distress inflicted on Plaintiff through and as a result of the aforementioned discriminatory acts; and

6.    Grant Plaintiff to his legal fees, costs, and fees and disbursements necessary to maintaining this action; and

7.    Retain jurisdiction over this action to assure full compliance with the Orders of this Court and with applicable law, and require Defendant to file such reports as the Court deems necessary to evaluate such compliance; and;

8.    Award plaintiff his legal fees, costs and fees, and grant such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

Ronald W. Anderson
611 Pennsylvania Ave SE #327
Washington, DC 200003
202-722-7402

13